# EXHIBIT B
# 1:19-CV-00793

FILED
7/3/2019 4:55 PM
Elaine H. Cardenas
County Clerk
Hays County, TX

CAUSE NO. 19-0965-C

| | | |
|---|---|---|
| MARIA GALEAS, | § | IN THE COUNTY COURT |
| PLAINTIFF, | § § § | |
| VS. | § § | AT LAW NO. ____ |
| WALMART INC., | § § § | |
| DEFENDANT. | § | HAYS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIA GALEAS (hereinafter also called "Plaintiff"), complaining of WALMART INC. (hereinafter called "Defendants"), and for cause of action respectfully shows the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to RULES 169 and 190.2 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.
### PARTIES AND SERVICE

2. Plaintiff MARIA GALEAS is an individual whose address is 1970 Intrepid Drive, Buda, Texas 78610. The last three digits of her Texas driver's license number are 484. Plaintiff has not been issued a Social Security number.

3. Defendant WALMART INC. is a duly incorporated Delaware corporation authorized to do business and doing business in the state of Texas. Defendant WALMART INC. may be served with process by serving registered agent **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**. Issuance of citation is requested at this time.

### III.
### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. Venue in Hays County is proper in this cause under SECTION 15.002(A)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.
### FACTS

5. On or about April 29, 2018, Plaintiff was a business invitee on premises owned or controlled by Defendant WALMART INC. located at 690 Old San Antonio Road, Buda, Texas 78610. (Known as "Store #4219" or the "Walmart Supercenter.") At all times, Plaintiff was acting as a reasonable person exercising ordinary care for her own safety and for the safety of others. A puddle or pool of liquid on one the floor in one part of these premises posed an unreasonable risk of harm of which Defendant knew or should have known. As a result of this unreasonable risk, Plaintiff fell and suffered the serious bodily injuries and damages for which she now sues.

### V.
### NEGLIGENCE – WALMART INC.

6. Upon the occasion in question, Defendant WALMART, INC. was negligent in at least the following ways:

    a. failing to keep premises reasonably safe for invitees;

    b. failing to ensure that its employees corrected any dangerous conditions pertaining to slippery substances on the floor;

    c. failing to ensure that its employees gave warnings to the Plaintiff of the dangerous condition poses by the slippery substance;

    d. failing to adequately train its employees in locating, preventing, removing, and warning others of dangerous conditions;

    e. failing to adequately recruit employees who can locate, prevent, remove, and warn others of

dangerous conditions;

f. failing to adequately supervise its employees to ensure they are locating, preventing, removing, and warning others of dangerous conditions;

g. failing to keep the premises free of dangerous conditions;

h. failing to adequately inspect the store to ensure its premises are free of dangerous conditions; and

i. in all things, failing to act reasonably and with ordinary care under the same or similar circumstances.

## VI.
## DAMAGES FOR PLAINTIFF MARIA GALEAS

7. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff MARIA GALEAS was caused to suffer bodily injuries and to incur the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Williamson County, Texas;
>
> B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
> C. Physical pain and suffering in the past;
>
> D. Physical pain and suffering in the future;
>
> E. Mental anguish in the past;
>
> F. Mental anguish in the future; and
>
> G. Past and future physical impairment.

Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief of more than $100,000.00 but less than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VII.
## REQUESTS FOR DISCLOSURE

8. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in TEXAS RULES OF CIVIL PROCEDURE 194.2. A response to a request under RULE 194.2(f) is due according to RULE 195.2 of the TEXAS RULES OF CIVIL PROCEDURE.

9. The disclosures must be signed in accordance with TEXAS RULES OF CIVIL PROCEDURE, RULE 191.3, and delivered to the undersigned attorney. If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

## VIII.
## TRCP 193.7 NOTICE

10. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Plaintiff hereby gives notice of her intent to use all documents produced by Defendant at the time of trial without need for further authentication.

## IX.
## DEMAND FOR JURY TRIAL

11. Pursuant to RULE 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby demands a jury trial.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, MARIA GALEAS, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
John B. Abramowitz

State Bar No. 24073821
john@justinian.com
Erik Walker
State Bar No. 00792104
erik@justinian.com
Dustin Fox
dustin@justinian.com
State Bar No. 24097704
Kevin Johnson
State Bar No. 24087805
kevin@justinian.com
JUSTINIAN & ASSOCIATES PLLC
8770 Research Boulevard
Austin, Texas 78758
Tel: (512) 980-0000
Fax: (512) 852-1980